BRUCE *v.* CENTRAL BANK AND TRUST CORPORATION,
receiver, *et al.*

1. If the holder of a promissory note and a mortgage on land to secure the same (neither of which has been indorsed, assigned, or otherwise transferred by the payee and mortgagee), suing in the name of the latter (without his knowledge or consent) for the use of such holder, obtains a judgment against the maker for the amount of the note, and a foreclosure of the mortgage, and undertakes to enforce collection of the debt by levy and sale of the mortgaged property under the mortgage fi. fa. based on the foreclosure, the payee of the note and mortgage may maintain an action to enjoin the sale.

(*a*) The petitioner, under the facts of the case, was not barred by laches from instituting suit to enjoin the enforcement of the judgment on the note and the mortgage fi. fa.

(*b*) The sheriff and the plaintiff's attorney in the action on the note and the foreclosure proceedings were not such improper parties defendant in the suit for injunction as would authorize a dismissal of such suit for misjoinder.

2. Applying the foregoing rulings to the allegations of the petition for injunction, it was error to sustain the demurrer to the petition and to dismiss the case.

No. 1277. FEBRUARY 24, 1920.

Equitable petition. Before Judge Pendleton. Fulton superior court. December 2, 1918.

The exception is to a judgment sustaining a demurrer to a petition filed in 1918, by Mrs. L. M. Bruce against the Central Bank and Trust Corporation as receiver of the Neal Bank, and others, and dismissing the action. The petition alleged, in substance, as follows: J. L. Bruce on August 26, 1904, executed a promissory note payable to Mrs. L. M. Bruce, and a mortgage to her on described realty to secure the note; and both instruments were delivered to her. Neither of the papers was ever indorsed or otherwise transferred by her, and they remained her property. In 1907 the Neal Bank instituted an action against the maker of the note for the amount thereof, and to foreclose the mortgage, alleging a transfer thereof by Mrs. Bruce by indorsement. In 1914 the plaintiff's attorney in that action amended the petition by striking the allegations as to transfer by indorsement, and substituting the name of Mrs. L. M. Bruce, suing for the use of the Central Bank and Trust Corporation as receiver of the Neal Bank. Mrs. Bruce did not consent to the use of her name, and it was so used without her knowledge or authority, and was never ratified

by her. Afterward a judgment was rendered in favor of the plaintiff, and the mortgage was foreclosed. Execution was issued, and the mortgaged property was about to be sold thereunder, and the money appropriated by the plaintiff in fi. fa. After the institution of proceedings to foreclose the mortgage, the Central Bank and Trust Corporation was duly appointed receiver for all the property, business, and affairs of the Neal Bank, and is now attempting to enforce the mortgage fi. fa. The purported indorsement by Mrs. Bruce of the note secured by the mortgage, under which the Neal Bank and its receiver claimed title to them and the right to use her name to sue for their use, was a forgery, if it ever existed, and was not her act and deed. Irrespective of the validity of the judgment of foreclosure against J. L. Bruce, and whether or not J. L. Bruce or any person will be estopped by that judgment from denying that the Neal Bank or its receiver had a right to use her name for the prosecution of said action and for the enforcement of the fi. fa., petitioner was not estopped by any judgment or otherwise from raising that question, because she was not a party to said action, and was not bound by what was done therein; nor has she ratified the action of the plaintiff in said case in attempting to use her name to sue for the use and benefit of the Neal Bank or its receiver. No reason exists in law or in equity why the Neal Bank should be permitted to use her name to sue for its use or that of another. She does not desire the mortgage foreclosed, and does not desire that the fi. fa. be levied, or that the land be exposed to sale. The sheriff is advertising the land for sale under the foreclosure, at the instance of the attorney for the receiver; and unless enjoined he will sell the land on the first Tuesday in March, 1918. On June 5, 1915, J. L. Bruce died, owning at that time the land described in the mortgage, and owning practically no other property. Petitioner is the owner of the note and mortgage, and is entitled to recover the amount due thereon from the estate of J. L. Bruce; and the Neal Bank, having no legal or equitable interest in the note and mortgage, is not entitled to recover or collect from the estate of J. L. Bruce any amount thereon, or on any judgment based on said note and mortgage. While the voluntary payment by J. L. Bruce to the Neal Bank would not have divested or affected petitioner's lien upon the land, and would not have affected her right to recover

from J. L. Bruce the amount due on the note and mortgage, yet, since he is deceased, and since he left no property other than that described in the mortgage, and since a judgment has been obtained in a court of competent jurisdiction in favor of the Neal Bank against said property, if the property is sold under the execution, petitioner will be barred and estopped from proceeding against the property and subjecting it to the payment of the mortgage, and she will suffer irreparable loss. When the land is sold the estate of J. L. Bruce will be insolvent, and she will be unable to collect the amount due her. She prays for injunction to prevent enforcement of the judgment against the land, and to establish her title to the note and mortgage.

The demurrer was on the ground that the petition alleged no cause of action at law or in equity, more particularly for the following reasons: (*a*) the defendant has title to the note and mortgage by prescription; (*b*) the plaintiff is barred by lapse of time and laches in bringing her action; (*c*) the name of Mrs. L. M. Bruce having been substituted as a plaintiff suing for the use of the bank to assert the rights of the bank, she was not a party to the suit in her individual interest, and had no legal right to control the litigation or the fi. fa., but such right was exclusively in the bank; (*d*) the object of the plaintiff in the present suit is to prevent the enforcement of the judgment against J. L. Bruce and his property, and there being no allegation that J. L. Bruce does not owe the amount of the judgment, and no allegation that the mortgage foreclosed is not a lien upon the property to be sold by the sheriff, the remedy of the plaintiff, if any, is not to prevent the sale but to claim the proceeds of the sale; and no reason is shown why the sale should not proceed against the property of J. L. Bruce. A further ground of demurrer is, that there is a misjoinder of parties defendant, no relief being prayed against the bank's attorney and the sheriff, except that they be enjoined from enforcing the execution.

*Quincey & Rice* and *Little, Powell, Smith & Goldstein,* for plaintiff.

*Hal Lawson* and *Candler, Thomson & Hirsch,* for defendants.

FISH, C. J. The judge committed error in sustaining the demurrer and dismissing the petition. The question was between the bank, claiming to be the holder of the note and mortgage, and

Mrs. Bruce, who was the payee in the note and the mortgagee. As such she was the legal owner of both instruments, and, unless they were transferred in some manner, she continued to be such owner. Her interest could not be divested or limited merely by the act of the bank, to which she had not delivered such papers or otherwise transferred them, employing her name for the use of the bank without her knowledge or assent in the suit which the bank had instituted against the maker. Counsel have furnished no authority to sustain such a contention. A number of cases have been cited where the question was between the holder of the note and the maker, but they are obviously not in point. If the plaintiff, L. M. Bruce, owned the note and mortgage as alleged, it was entirely with her as to when, if ever, she should proceed to enforce the collection thereof; and until there was danger of a cloud being cast upon her title, or third persons being induced to become involved by bidding at a sale of the property under the mortgage foreclosure, she was not called upon to move in the matter of preventing such a sale or cloud upon her title. Whether or not, the bank having admitted in judicio her legal title by suing in her name for its use, she would ever be barred by prescription or laches, she would not be so barred under the facts of this case.

Whether or not the plaintiff's attorney and the sheriff were necessary parties defendant to the suit, they were not such improper parties as would authorize the dismissal of the action.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent on account of sickness.*